## Commonwealth *vs.* Humberto H., a juvenile.

Suffolk. September 9, 2013. - November 26, 2013.

Present: Ireland, C.J., Spina, Cordy, Gants, Duffly, & Lenk, JJ.

*Controlled Substances. Probable Cause. Juvenile Court,* Delinquent child. *Supreme Judicial Court,* Jurisdiction. *Evidence,* Juvenile delinquency, Intent. *Intent. Practice, Criminal,* Juvenile delinquency proceeding, Complaint, Dismissal, Arraignment, Judicial discretion.

A Juvenile Court judge did not err in allowing the juvenile's motion to dismiss a delinquency complaint charging possession of marijuana with intent to distribute, where the evidence in the application for the complaint, viewed in its totality, did not support a finding of probable cause that the juvenile intended to distribute the marijuana in his possession. [564-571] Spina, J., dissenting. Cordy, J., concurring.

Exercising its discretion to consider an issue raised by a nonappealing party, this court concluded that, where a juvenile files a motion to dismiss a complaint before arraignment based on the absence of probable cause, and where a judge, after reviewing the "four corners" of the complaint application, concludes that there is a substantial likelihood that the motion is meritorious, a judge does not abuse his or her discretion in deciding to hear and rule on that motion before arraignment to protect the child from the potential adverse consequences of court activity record information. [571-577] Spina, J., dissenting, with whom Cordy, J., joined. Cordy, J., dissenting.

Complaint received and sworn to in the Suffolk County Division of the Juvenile Court Department on January 24, 2011.

A motion to dismiss was heard by *Leslie E. Harris,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Donna Jalbert Patalano,* Assistant District Attorney, for the Commonwealth.

*Emily A. Cardy,* Committee for Public Counsel Services, for the juvenile.

*Robert E. McDonnell, Deana K. El-Mallawany, & Nathaniel P. Bruhn,* for American Civil Liberties Union of Massachusetts & others, amici curiae, submitted a brief.

GANTS, J. A Juvenile Court judge allowed the juvenile's motion to dismiss a delinquency complaint charging one count of possession of a class D substance (marijuana) with intent to distribute after concluding that the complaint was not supported by probable cause that the juvenile intended to distribute the marijuana in his possession. The judge declared that, where a complaint is to be dismissed, he believed it "offensive to arraign a child . . . just to put it on the child's record," but concluded that he was obliged to arraign the juvenile before dismissing the complaint. The Commonwealth appealed the dismissal of the complaint. We affirm the judge's dismissal of the delinquency complaint, concluding that the information in the complaint application fell short of probable cause to believe that the juvenile intended to distribute the marijuana in his possession. We also declare that a Juvenile Court judge, in his or her discretion, may allow a motion to dismiss before the arraignment of a juvenile where the judge concludes that prearraignment dismissal is in both the best interests of the child and the interests of justice.[1,2]

*Background.* We describe the facts as set forth in the police incident report filed in support of the application for the complaint. On January 24, 2011, a Boston school police officer and the dean of discipline (dean) of a Boston high school were posted at the back door of the high school's cafeteria, monitoring students who were arriving late to school. When the juvenile, a fifteen year old student at the high school, entered the school building at approximately 9:35 A.M., the dean noticed a strong odor of marijuana coming from the juvenile. When the dean spoke to the juvenile, the juvenile became "very defensive and agitated." An administrative search of the juvenile's person was conducted in the school nurse's office, which resulted in the recovery of "[five] plastic bags of . . . what appeared to be marijuana" that was located inside the right pocket of "a second pair of shorts under his pants." The juvenile was then arrested

---

[1]When we refer to a Juvenile Court judge in this opinion, we intend to include any judge who sits in a Juvenile Court or a juvenile session of a District Court.

[2]We acknowledge the amicus brief submitted by the American Civil Liberties Union of Massachusetts, Children's Law Center of Massachusetts, Citizens for Juvenile Justice, and the Criminal Justice Institute at Harvard Law School.

for possession of a Class D substance (marijuana) with intent to distribute, in violation of G. L. c. 94C, § 32C. Later that day, a delinquency complaint issued.

At the initial appearance, the juvenile was released to the custody of his mother with special conditions of pretrial probation, and counsel was appointed to represent him. The judge continued the scheduled arraignment until February 23, 2011, according to the Commonwealth, "in order to determine whether the complaint was issued based on probable cause." The Commonwealth filed a petition under G. L. c. 211, § 3, asking a single justice of this court to vacate the order of continuance. On February 9, the juvenile filed a motion to dismiss the complaint for lack of probable cause, and asked that the complaint be dismissed before the arraignment. On February 17, the single justice denied the petition, concluding that "the mere continuance of an arraignment from one date to a later one, by itself, certainly does not present an occasion to grant extraordinary relief." The single justice, however, declared in dictum that the Commonwealth "is correct" that, because the complaint had issued, "the judge is without power to decline to arraign him on the charge." Citing *Commonwealth* v. *McCarthy*, 385 Mass. 160, 161 (1982), the single justice added that, once arraigned, the juvenile could move to dismiss the complaint for lack of probable cause. At the subsequent hearing on the juvenile's motion to dismiss, the judge stated his understanding that judges "take control of the case after arraignment," and that if the Commonwealth chose to proceed with the arraignment, he would be required to arraign the juvenile. When the prosecutor declared her intent to go forward with the arraignment, the judge ordered that the juvenile be arraigned but declared that he would dismiss the case "as soon as it's arraigned." After arraignment, he heard argument on the motion to dismiss and allowed the motion, finding that there was probable cause that the juvenile possessed marijuana but not probable cause to establish that he possessed it with intent to distribute. The Commonwealth appealed, and we granted direct appellate review.

*Discussion.* 1. *Dismissal of the complaint.* After a delinquency complaint issues, a juvenile may move to dismiss the complaint for lack of probable cause. See *Commonwealth* v. *DiBenna-*

*detto*, 436 Mass. 310, 313 (2002). Just as a motion to dismiss an indictment for lack of probable cause is decided based on the grand jury minutes, see *Commonwealth* v. *McCarthy*, 385 Mass. at 163, a motion to dismiss a complaint "is decided from the four corners of the complaint application, without evidentiary hearing."[3] *Commonwealth* v. *Huggins*, 84 Mass. App. Ct. 107, 111 (2013), quoting *Commonwealth* v. *Bell*, 83 Mass. App. Ct. 61, 62 (2013). The judicial determination is essentially the same for both types of motions. See *DiBennadetto, supra*, citing *McCarthy, supra*. In reviewing a motion to dismiss a complaint, the judge must decide whether the complaint application contains "sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him." *McCarthy, supra*, quoting *Connor* v. *Commonwealth*, 363 Mass. 572, 574 (1973), and *Lataille* v. *District Court of E. Hampden*, 366 Mass. 525, 531 (1974).

To establish probable cause, the complaint application must set forth "reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense." *Commonwealth* v. *Roman*, 414 Mass. 642, 643 (1993). See *Commonwealth* v. *Hanright*, 466 Mass. 303, 311-312 (2013), quoting *Commonwealth* v. *Stevens*, 362 Mass. 24, 26 (1972). Probable cause is considerably less than proof beyond a reasonable doubt, so evidence that is insufficient to support a guilty verdict might be more than sufficient to establish probable cause. *Roman, supra* at 647. See *Commonwealth* v. *O'Dell*, 392 Mass. 445, 451 (1984), quoting K.B. Smith, Criminal Practice and Procedure § 104 (1983) ("Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction"). But probable cause is "more than mere suspicion." *Roman, supra* at 643, quoting *Commonwealth* v. *Hason*, 387 Mass. 169, 174 (1982).

The complaint application must include information to sup-

---

[3]Under Mass. R. Crim. P. 3 (g), as appearing in 442 Mass. 1502 (2004), the applicant for the complaint, under oath, "shall convey to the court the facts constituting the basis for the complaint," and "the complainant's account shall be either reduced to writing or recorded."

port probable cause as to each essential element of the offense. See *Commonwealth* v. *Hanright*, 466 Mass. at 312, citing *Commonwealth* v. *Moran*, 453 Mass. 880, 884 (2009). Here, there is no dispute that the information in the complaint application is more than sufficient to establish probable cause that the juvenile possessed marijuana; the issue is whether it is sufficient to establish probable cause that the juvenile intended to distribute the marijuana in his possession. Because it is a question of law, "we review the motion judge's probable cause determination de novo." *Commonwealth* v. *Long*, 454 Mass. 542, 555 (2009).

Probable cause that a juvenile intended to distribute a controlled substance may be demonstrated through circumstantial evidence, *Commonwealth* v. *Martin*, 48 Mass. App. Ct. 391, 392-393 (1999), viewed in the totality of the circumstances. See *Commonwealth* v. *Hernandez*, 448 Mass. 711, 715 (2007). "In dealing with probable cause . . . we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar* v. *United States*, 338 U.S. 160, 175 (1949).

The Commonwealth argues that the juvenile's possession of five plastic bags of what appeared to be marijuana, the absence of smoking paraphernalia, and the juvenile's "defensive and agitated" demeanor when he was questioned by the dean establish probable cause of his intent to distribute. We consider each of these factors, recognizing that probable cause must be determined based on the totality of the evidence.

No reasonable inference may be made from the juvenile's demeanor when confronted by the dean in the presence of the school police officer that the juvenile intended to distribute the marijuana in his possession. The prospect of being caught with marijuana alone was more than sufficient to make a fifteen year old high school student "defensive and agitated." Even with the enactment of St. 2008, c. 387, § 2, which decriminalized the simple possession of one ounce or less of marijuana, a juvenile found in possession of a small quantity of marijuana is subject to a civil penalty of one hundred dollars and forfeiture of the marijuana, and must complete a drug awareness program and

community service. G. L. c. 94C, § 32L. In addition, if a juvenile were to fail to complete both a drug awareness program and the required community service, the civil penalty may be increased to $1,000, and both the juvenile and his parents would be jointly and severally liable to pay that amount.[4] Perhaps more important, a juvenile found in possession of marijuana on school premises may be subject to expulsion or suspension from school by the principal. G. L. c. 71, § 37H.

The application in support of the complaint noted that the administrative search of the juvenile's person revealed five plastic bags of what appeared to be marijuana, but made no mention of smoking paraphernalia. Because one would expect a police officer to have mentioned such paraphernalia if it were found, we infer that the absence of any reference to such paraphernalia in the application suggests that none was found on the juvenile's person during the search. But, applying that same inference, we conclude that the search also did not uncover a scale, a cellular telephone or pager, or empty plastic bags, each of which would be consistent with dealing drugs. Nor, applying that inference, was any cash found in his possession, which suggests both that he had not sold any marijuana on his way to school and that he was not concerned with the need to make change if he did make a sale. The absence of drug paraphernalia may be consistent with an intent to distribute marijuana, see *Commonwealth* v. *Wilson*, 441 Mass. 390, 401 (2004), but considering the totality of what was *not* found on his person, no reasonable inference can be made that the juvenile intended to distribute the marijuana in his possession, especially where the

---

[4]General Laws c. 94C, § 32L, states, in pertinent part:

"Notwithstanding any general or special law to the contrary, possession of one ounce or less of marihuana shall only be a civil offense, subjecting an offender who is eighteen years of age or older to a civil penalty of one hundred dollars and forfeiture of the marihuana, but not to any other form of criminal or civil punishment or disqualification. An offender under the age of eighteen shall be subject to the same forfeiture and civil penalty provisions, provided he or she completes a drug awareness program . . . . If an offender under the age of eighteen fails within one year of the offense to complete both a drug awareness program and the required community service, the civil penalty may be increased . . . to one thousand dollars and the offender and his or her parents shall be jointly and severally liable to pay that amount."

smell of marijuana coming from the juvenile's person suggests that he had just smoked marijuana.[5]

If there is probable cause to believe that the juvenile intended to distribute the marijuana in his possession, it must rest almost entirely on the juvenile's possession of five plastic bags of what appeared to be (and for the purpose of determining probable cause, we assume to be) marijuana. Possession of a substantial quantity of marijuana would be sufficient alone to support a finding of probable cause of an intent to distribute. See *Commonwealth* v. *Acosta*, 81 Mass. App. Ct. 836, 841 (2012) (amount of drugs "alone may raise an inference of intent to distribute"). But there is no information in the complaint application that suggests that the quantity of marijuana found on the juvenile's person was large enough to permit any inference of an intent to distribute. The application does not estimate the weight of the marijuana or otherwise describe the amount seized. We know from the application only that the amount was small enough that it fit in one pocket of a pair of shorts that the juvenile wore under his pants. The "value" of the marijuana stated in the complaint application was "$0.00," which suggests that the quantity was so small that it had little to no street value. In *Commonwealth* v. *Roman*, 414 Mass. at 645, 647-648, where there was no evidence of intent to distribute apart from the amount of the drugs seized, we concluded that there was probable cause to believe that "the defendant, who possessed 25.6 grams of cocaine in a motor vehicle on a State highway, did so with the intent to distribute," but we noted that "the question is a close one." Based on quantity alone, the question here is not close.

The Commonwealth argues that the division of the marijuana into five plastic bags suggests an intent to distribute, but the weight of any suggestion is considerably diminished by the assertion in the application that the marijuana had no street value. In *Commonwealth* v. *Wilson*, 441 Mass. at 393, 400-402, we noted that the manner in which one-half ounce of marijuana

---

[5]We also note the absence of other evidence in the application suggestive of an intent to distribute: there was no evidence that the juvenile had approached another student in a suspicious manner or that the juvenile had any history of drug dealing.

was packaged was consistent with an intent to distribute, but in that case there were twenty separate packages and they were described as "dime" bags, which reflected that the marijuana in each had street value and had been deliberately separated into packages roughly equal in quantity. Moreover, in each of the cases cited by the Commonwealth where an inference of an intent to distribute was warranted, at least in part, by the packaging of the drugs, the number of packages was far greater than the five packages found on the juvenile's person. See *Wilson, supra* at 400-402; *Commonwealth* v. *Clermy*, 421 Mass. 325, 327, 331 (1995) (twenty-five "individually wrapped pieces" of "crack" cocaine); *Commonwealth* v. *Sauer*, 50 Mass. App. Ct. 299, 302 (2000) ("The presence of one bank envelope with a pill identical to the other thirty-one is more than sufficient to support an inference that the defendant intended to place the rest of the pills in the [twenty-three] remaining bank envelopes for distribution"); *Commonwealth* v. *Martin*, 48 Mass. App. Ct. at 392 (1999) (eighteen packages of "rock" cocaine "packaged for sale as 'dime bags,' at a street price of $10 per bag"). See also *Commonwealth* v. *Acosta*, 81 Mass. App. Ct. at 840, 841 (inference of intent to distribute not warranted where defendant possessed 3.16 grams of cocaine in "five twist bags").

We conclude that the evidence in the application for the complaint, viewed in its totality, does not support a finding of probable cause that the juvenile intended to distribute the marijuana in his possession. The judge therefore did not err in dismissing the complaint. At best, the application supports mere suspicion of such an intent. We note that the dismissal is without prejudice and that nothing bars the Commonwealth, should it uncover evidence that the juvenile intended to distribute the marijuana in his possession, from filing a new delinquency complaint supported by probable cause. Cf. *A Juvenile* v. *Commonwealth*, 375 Mass. 104, 107 (1978) (where delinquency charge is dismissed for lack of probable cause at transfer hearing, there is "no reason not to allow a second transfer hearing when additional evidence concerning probable cause is available"); *Burke* v. *Commonwealth*, 373 Mass. 157, 161 (1977) (where no probable cause is found after probable cause hearing, "[n]othing . . . precludes a prosecutor from seeking other probable cause hearings based on additional evidence").

We add an additional observation. Judicial vigilance is always important to protect individuals from criminal and delinquency complaints that are not supported by probable cause. If a complaint cannot meet the probable cause standard, "it would be a waste of judicial resources" and, more importantly, "an unnecessary burden on the individual for the case to move any further in the process." Reporters' Notes to Rule 3 (g) (2) (2004), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1345 (LexisNexis 2012-2013). But judicial vigilance is especially important when a complaint charges an individual with possession of marijuana with intent to distribute where the amount of marijuana that is possessed is below the one-ounce threshold that would make its mere possession a crime. When Massachusetts citizens voted in favor of the 2008 ballot initiative and thereby changed the possession of one ounce or less of marijuana from a criminal to a civil offense, "the voters intended to treat offenders who possess one ounce or less of marijuana differently from perpetrators of drug crimes." *Commonwealth* v. *Cruz*, 459 Mass. 459, 471 (2011). Possession of one ounce or less of marijuana with intent to distribute continues to be a crime, and the Commonwealth may prosecute it as such, but only where an intent to distribute is supported by probable cause. *Commonwealth* v. *Keefner*, 461 Mass. 507, 514, 518 (2012). Where it is not, criminal prosecution defeats the public's purpose in voting for decriminalization because it not only treats simple possession of one ounce or less of marijuana as if it were "a serious infraction worthy of criminal sanction," *Cruz, supra,* but it also treats a drug user as a drug dealer. See *Commonwealth* v. *Pacheco*, 464 Mass. 768, 772 (2013) (suspicion that individuals had been sharing marijuana did not give police officer probable cause to conduct automobile search); *Commonwealth* v. *Jackson*, 464 Mass. 758, 764-765 (2013) (warrantless search improper where observation of social sharing of marijuana did not give rise to probable cause for possession with intent to distribute); *Commonwealth* v. *Daniel*, 464 Mass. 746, 751-752 (2013) (two small bags of marijuana insufficient to give police officer probable cause to search vehicle). Accordingly, where judicial officers evaluate probable cause in such cases, they must be mindful of the risk

that police officers or prosecutors might allege an intent to distribute based on the mere suspicion of such an intent for the purpose of charging the offender as a criminal or delinquent rather than as a civil violator. Prosecutors are entitled to exercise their discretion differently from how they did before decriminalization and seek criminal or delinquency charges in cases where they earlier would have prosecuted the offender for mere possession of marijuana, but they may do so only where an intent to distribute is supported by probable cause.

2. *Judicial authority to decide a motion to dismiss before arraignment.* The juvenile contends that the judge erred in concluding that he lacked the discretion to rule on the motion to dismiss before arraignment. The Commonwealth argues that we should not reach this issue and lack jurisdiction to do so, because the juvenile did not file a notice of appeal challenging the judge's ruling that he could not dismiss the case before arraignment. The juvenile concedes that no cross appeal was filed but argues that the question of the judge's authority to dismiss the case before arraignment falls "under the umbrella of the government's appeal." *Commonwealth* v. *LeBlanc*, 407 Mass. 70, 73 n.5 (1990), quoting *Commonwealth* v. *Mottola*, 10 Mass. App. Ct. 775, 782 (1980).

"As a general rule, an appellate court considers only questions of law raised by a party who has appealed; it does not address issues argued by a non-appealing party seeking to have the lower court's decision revised." H.J. Alperin, Summary of Basic Law § 4.29, at 574 (4th ed. 2006) (Alperin). However, "[w]hile the general rule states that an appellee . . . may not secure modification of a judgment unless she has filed a cross appeal, this is a rule of practice, and is not jurisdictional." *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 287-88 (1991). See *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 617-618 (1979); *McLaughlin* v. *Amirsaleh*, 65 Mass. App. Ct. 873, 885 n.18 (2006). We have the discretion to consider issues raised by a party who fails to cross-appeal and, where "circumstances compel it," to take appropriate action. *Id.* See *O'Connor, supra* at 618 ("this case presents the compelling circumstances in which an appellate court can and should correct an erroneous judgment in the absence of a cross appeal").

See generally Alperin, *supra* at § 4.29, at 575 (appellate court "retains power to disregard the rule when the judgment is erroneous, has potentially wide impact, and relates to a matter of public concern").[6]

We exercise our discretion to consider whether a Juvenile Court judge may rule on a motion to dismiss before arraignment for three reasons. First, the issue is of substantial public concern. As the parties and the motion judge recognized, in Juvenile Court a juvenile's name and charge is first placed in the court activity record information (CARI) database at arraignment.[7] See Quirion & Thurau, Sealing Juvenile Records, in Massachusetts Criminal Offender Record Information (CORI) Law § 8.3, at 8-5 (Mass. Cont. Legal Educ. 2012), citing Blitzman & Zanini, Dispositions and Admissions, in 1 Massachusetts Juvenile Court Bench Book § 9.3, at 9-5 (Mass. Cont. Legal Educ. 2011) ("If a case is dismissed *before* arraignment, the juvenile will have no juvenile record for the case" [emphasis in original]). After arraignment, the juvenile's name and delinquency charge become part of the juvenile's permanent CARI record, and may not be expunged, even where the charge is immediately dismissed for lack of probable cause. See *Commonwealth* v. *Gavin G.*, 437 Mass. 470, 471 (2002) ("Juvenile Court judges lack the authority to order the expungement of probation records"). A juvenile's CARI is not a public record, but it "shall be accessible to the justices and probation officers of the courts, to the police commissioner for the city of Boston, to all chiefs of police and city marshals, and to such departments of the state and local governments as the commissioner

---

[6]We need not consider in this case whether there are exceptions to the general rule that "failure to take a cross appeal precludes a party from obtaining a judgment *more favorable to it than the judgment entered below*" (emphasis in original). *Hartford Ins. Co.* v. *Hertz Co.*, 410 Mass. 279, 288 (1991), quoting *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 43 n.5 (1977). Our decision does not result in a judgment more favorable to the juvenile than the judgment entered below. See *infra*.

[7]Court activity record information (CARI) records are compiled by the Department of Probation and include an individual's criminal offender record information (CORI) and all court appearances related to juvenile delinquency and civil protective order proceedings. See *Commonwealth* v. *Boe*, 456 Mass. 337, 341 n.8 (2010); Standing Order 1-11 of the Probate and Family Court, Mass. Ann. Laws Court Rules, at 1450 (LexisNexis 2012-2013).

[of probation] may determine." G. L. c. 276, § 100. A juvenile
may request the Commissioner of Probation to seal the juvenile's
delinquency record, but must wait three years after the termina-
tion of "any court appearance or disposition" to make such a
request. G. L. c. 276, § 100B, first par. Even where the
delinquency record is sealed, it may still be made available to a
judge "for the purpose of consideration in imposing sentence"
where the juvenile is adjudicated a delinquent or found guilty of
a crime after the sealing of the record. G. L. c. 276, § 100B,
fourth par. Consequently, the creation of a CARI record may
adversely affect a juvenile, if only because "[p]rior records or
lack thereof may be significant in the initial decision" whether
to charge a juvenile with a crime. *Police Comm'r of Boston* v.
*Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 656
n.10 (1978).[8]

Second, if we do not decide the issue here, trial judges may
view the issue as already decided based on dictum in other ap-
pellate decisions. The judge here appeared to rely on dictum in
the single justice's decision in concluding that he was obligated
to arraign the juvenile before ruling on the motion to dismiss.
Subsequently, the Appeals Court, also in dictum, declared that a
defendant's remedy for the issuance of a complaint without
probable cause is "a postarraignment motion to dismiss." *Hug-
gins*, 84 Mass. App. Ct. at 111. Here, the parties were given
notice that this court might reach this issue by the solicitation of
amicus briefs,[9] and the issue has been fully briefed by the parties.
It makes more sense for this court directly to decide the issue
after full briefing rather than defer and allow the issue to con-
tinue to be apparently decided based on dictum.

Third, for all practical purposes, the issue is moot, because

[8]We note that the juvenile in this case had no prior juvenile record.

[9]The announcement soliciting amicus briefs in this case declared in relevant
part:

> "The Justices are soliciting amicus briefs. The issue is whether a
> juvenile court judge has discretion prior to an arraignment under the
> authority of *Commonwealth* v. *DiBennadetto*, 436 Mass. 310, 313 (2002),
> to allow a motion to dismiss a juvenile complaint for possession of
> marijuana with intent to distribute; in the circumstances, the judge
> dismissed the complaint upon motion for lack of probable cause im-
> mediately after arraignment."

the only reason the juvenile is aggrieved by the judge's refusal to rule on his motion to dismiss before arraignment is that it resulted in the creation of a CARI record, and we are without authority to expunge a CARI record even if we were to find that the judge erred in thinking he did not have the discretion to decide the motion before arraignment. However, "we have on occasion answered questions in moot cases where the issue was one of public importance, where it was fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review could not be obtained before the recurring question would again be moot." *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 783 (1984). See *Commonwealth* v. *Dotson*, 462 Mass. 96, 98-99 (2012). This case satisfies each of these criteria.

Having decided to reach the issue, we now address it. When a juvenile is arrested without a warrant, the police complainant must apply to a clerk-magistrate or judge for a delinquency complaint, based on information that is either reduced to writing or recorded. Mass. R. Crim. P. 3 (g) (1), as appearing in 442 Mass. 1502 (2004). Reporters' Notes to Rule 3 (g) (1) (2004), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1343-1344 (LexisNexis 2012-2013). Where a judicial officer issues a complaint, the juvenile may not appeal its issuance but may move to dismiss the complaint. *DiBennadetto*, 436 Mass. at 313. There is nothing in our rules that prohibits a motion to dismiss from being filed or ruled upon before arraignment. Rule 13 (d) (2) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1516 (2004), which governs the filing of nondiscovery pretrial motions, including motions to dismiss, states only that a "pretrial motion which does not seek discovery shall be filed before the assignment of a trial date pursuant to Rule 11 (b) or (c) or within 21 days thereafter, unless the court permits later filing for good cause shown."

At the time of the arraignment in this case, Mass. R. Crim. P. 7 (a) (1), as appearing in 442 Mass. 1506 (2004), provided that after a juvenile's arrest, the juvenile shall be brought before the court for an initial appearance, where counsel may be assigned and conditions of release determined, and "[t]he judge or special magistrate shall then arraign the defendant or shall set a time

for arraignment," where the juvenile will enter a plea to the delinquency charges. The reporters' notes to the rule recognized that the initial appearance and arraignment "need not be separate events," but stated that "[t]he preferred practice . . . is to postpone arraignment until such time as the defendant has had a meaningful opportunity to consult with counsel." Reporters' Notes to Mass. R. Crim. P. 7 (a) (1) (2004), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1389 (LexisNexis 2012-2013). Although an initial appearance must promptly follow an arrest, see Mass. R. Crim. P. 7 (a) (1) ("defendant who has been arrested shall be brought before a court if then in session, and, if not, at its next session"), the decision whether to continue an arraignment following an initial appearance and, if so, for how long, rests in the sound discretion of the judge. *Commonwealth* v. *Haas*, 398 Mass. 806, 814 (1986), quoting *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 50-51 (1976) ("Ordinarily, the granting of a continuance rests in the sound discretion of the trial judge").

Where, as here, a juvenile files a motion to dismiss a complaint before arraignment based on the absence of probable cause, and where a judge, after reviewing the "four corners" of the complaint application, concludes that there is a substantial likelihood that the motion is meritorious, a judge does not abuse his discretion in deciding to hear and rule on that motion before arraignment to protect the child from the potential adverse consequences of a CARI record.[10] Because G. L. c. 119, § 53,

---

[10]Because the purpose of such an exercise of discretion would be to protect a juvenile from the adverse consequences of a CARI record where the complaint was issued without probable cause, our holding is limited to juvenile adjudications. We do not address whether it would be an abuse of discretion for a judge to rule on a motion to dismiss filed by an adult defendant before arraignment.

We also note that Mass. R. Crim. P. 7 (a) was amended in 2012 to eliminate the separate event of an initial appearance and include within the arraignment the appointment of counsel and the setting of conditions of release. Mass. R. Crim. P. 7 (a), as appearing in 461 Mass. 1501 (2012). The reason for the amendment was that "[t]he widespread availability of counsel to represent defendants at arraignment made this separate event [the initial appearance] unnecessary." Reporters' Notes to Rule 7 (a) (1) (2012), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1392 (LexisNexis 2012-2013). We do not address whether or how the merger of the initial appearance with

mandates that juveniles "as far as practicable . . . shall be treated, not as criminals, but as children in need of aid, encouragement and guidance," we recognize that the juvenile justice system "is primarily rehabilitative, cognizant of the inherent differences between juvenile and adult offenders, and geared toward 'the correction and redemption to society of delinquent children.' " *Commonwealth* v. *Magnus M.*, 461 Mass. 459, 461 (2012), quoting *Metcalf* v. *Commonwealth*, 338 Mass. 648, 651 (1959). See generally, R.L. Ireland, Juvenile Law § 1.3, at 18 (2d ed. 2006). We therefore recognize the importance of giving Juvenile Court judges broad discretion to protect the best interests of children consistent with the interests of justice. See, e.g., *Magnus M.*, *supra* at 465-467 (allowing Juvenile Court judges to continue juvenile case without finding after conviction at trial); *Commonwealth* v. *Balboni*, 419 Mass. 42, 46 (1994), citing *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. at 666-667 (Juvenile Court "judge has very broad discretion . . . to further the child's best interests"). Protecting a child from the stigma of being perceived to be a criminal and from the collateral consequences of a delinquency charge is important even where the complaint is supported by the evidence. See *Magnus M.*, *supra* at 467, citing *Commonwealth* v. *Connor C.*, 432 Mass. 635, 642 (2000); *Balboni*, *supra*. It is even more important where the charge is not supported by probable cause. Although a Juvenile Court judge is powerless to expunge a CARI record where a delinquency charge is brought without probable cause, the judge is not powerless to act before arraignment to prevent the creation of a CARI record where the charge was issued without probable cause, and where doing so would serve both the best interests of the child and the interests of justice.

Having declared that the judge here had the discretion to rule on the motion to dismiss before arraignment, we decline to provide the unusual remedial relief sought by the juvenile of expunging the juvenile's CARI record. As we have noted, we

the arraignment under the amended rule would affect a Juvenile Court judge's exercise of discretion in deciding whether to resolve a motion to dismiss before arraignment.

do not have the authority to expunge a juvenile's CARI record. See *Gavin G.*, 437 Mass. at 471.

*Judgment affirmed.*

Spina, J. (dissenting, with whom Cordy, J., joins in part). I do not agree that a judge may rule on a motion to dismiss before arraignment. Rule 11 (a) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1509 (2004), states that "[a]t arraignment . . . the court shall order the prosecuting attorney and defense counsel to attend a pretrial conference on a *date certain* to consider such matters as will promote a fair and expeditious disposition of the case" (emphasis added). Rule 11 (a) (1) outlines the agenda for the pretrial conference, and rule 11 (a) (1) (A) identifies the following items among those to be discussed at the pretrial conference:

> "Discovery and all other matters which, absent agreement of the parties, must be raised by pretrial motions. *All motions which cannot be agreed upon shall be filed pursuant to [Mass. R. Crim. P. 13 (d), as appearing in 442 Mass. 1516 (2004)]*" (emphasis added).

Rule 11 (b) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1509 (2004), states that, "[a]t arraignment," in addition to scheduling a pretrial conference, the judge "shall order the prosecuting attorney and defense counsel to appear before the court on a *date certain* for a pretrial hearing" (emphasis added). Rule 11 (b) (2) (ii) provides that at the pretrial hearing,

> "the court shall hear all discovery motions pending at the time of the pretrial hearing. *Other pending pretrial motions may be heard at the pretrial hearing, continued to a specific date for a hearing, or transmitted for hearing by the trial session*" (emphasis added).

Rule 13 (c) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1516 (2004), is concerned with pretrial motions, including motions to dismiss. Rule 13 (d),

as previously mentioned, addresses the filing of motions as to matters on which the parties could not reach agreement at the pretrial conference. The earliest date for hearing pretrial motions is the pretrial hearing date. The point here is that the rules of criminal procedure contemplate a motion practice that does not become engaged until the arraignment and which unfolds *after* arraignment. The reasoning of the court for hearing a motion to dismiss before arraignment is contrary to the procedure set forth in the rules for hearing motions.

Allowing a motion to dismiss to be heard prior to arraignment runs contrary to three other principles. First, we have said that there is no authorization under G. L. c. 218, § 35A, for a rehearing of a clerk-magistrate's finding of probable cause, except by way of a motion to dismiss. See *Commonwealth* v. *DiBennadetto*, 436 Mass. 310, 312-314 (2002). By authorizing the use of a motion to dismiss *before* arraignment, the court has manufactured a means to avoid both the effect of the statute and our decision.

Second, the court has interjected a dispositional theory, namely, the best interests of the child, into the manner in which the rules of criminal procedure are applied. We have been careful to reserve "best interests" analysis for the disposition stage of a case, separate and apart from principles related to adjudication and procedural aspects of a case. See *Commonwealth* v. *Magnus M.*, 461 Mass. 459, 466-467 (2012); *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 666-667 (1978). See also *In re Winship*, 397 U.S. 358, 366 (1970); *In re Gault*, 387 U.S. 1, 30-31 (1967). Modern jurisprudence has viewed the wisdom of mixing the two as questionable.

Third, in *Commonwealth* v. *Gavin G.*, 437 Mass. 470 (2002), we traced the legislative history of the court activity record information (CARI) database and said:

"When addressing the precise predicament of a wrongfully accused adult unfairly acquiring a criminal record, the Legislature still opted for sealing, not destruction of expungement of records. As to both juveniles and adults, the Legislature is apparently satisfied with provisions for

confidentiality and sealing of records to address the precise problem posed by such wrongful or mistaken accusations of criminal conduct." (Footnote omitted.)

*Id.* at 482-483. The Legislature, presumed to know of our decision in *Gavin G.*, see *Commonwealth* v. *Vega*, 449 Mass. 227, 231-232 (2007), and fully aware of the concept of "best interests of the child," nevertheless apparently remains satisfied with its enactments in this area. It has not amended the statute to produce the result that the court today has reached to avoid the creation of a CARI record. The intent of the Legislature should be controlling. For these reasons I would hold that a motion to dismiss may not be decided before arraignment.

I also do not agree that the complaint did not issue upon probable cause. I believe that the court has stated the law correctly with regard to review of a determination of probable cause. In particular, I agree that the element of intent to distribute a controlled substance may be satisfied by circumstantial evidence, *Commonwealth* v. *Martin*, 48 Mass. App. Ct. 391, 392-393 (1999); that probable cause must be determined from the totality of the circumstances, *Commonwealth* v. *Hernandez*, 448 Mass. 711, 715 (2007); and that probable cause is a concept that is guided by "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," *Brinegar* v. *United States*, 338 U.S. 160, 175 (1949). However, I believe the court abandoned the totality of the circumstances analysis when it embarked on a consideration of the evidentiary factors individually. As a result, the synergistic effect of the parts on each other was lost, and the whole was deprived of being more than the sum of its parts. See *Phillips* v. *Chase*, 201 Mass. 444, 448 (1909) ("When circumstantial evidence is largely relied upon to establish an issue, it is inevitable that many matters should be introduced which by themselves alone would be immaterial, although in connection with other evidence they may be helpful in discovering the truth"); *Commonwealth* v. *Ahart*, 63 Mass. App. Ct. 413, 416 (2005) ("The defendant's attempt to isolate each piece of the Commonwealth's evidence as insufficient is unavailing").

The juvenile was wearing a pair of pants over a pair of shorts, and inside one pocket of the shorts were five plastic baggies of marijuana. He recently had smoked enough marijuana to have reeked of it, so the absence of smoking paraphernalia suggested he had something else in mind for the five baggies, most probably distribution. See *Commonwealth* v. *Ahart, supra* at 414. Granted, he did not have a scale, a pager, or a cellular telephone, but he was entering a closed environment, a school, that had many sets of vigilant eyes protective of the best interests of other children in the school. He could not carry the usual items needed to set up shop. See *id.* Instead, he carried a small amount for distribution — just enough for the brief periods between classes when he could conduct his business without calling undue attention to himself. See *id.* In all likelihood, given the school environment, he could deal only with people he knew and trusted. The manner in which he concealed the marijuana suggests he might access his supply in a restroom or outdoors during a break — after satisfying himself that no authority figures were in the vicinity. Having been discovered, he became "very defensive and agitated." The totality of these circumstances paints a picture from which a reasonable person could infer that the juvenile intended to distribute the paltry amount of marijuana secreted on his person. The amount of marijuana is not determinative. *Commonwealth* v. *Ahart, supra* at 415. The packaging is significant. See *id.*; *Commonwealth* v. *Martin, supra* at 392. Also significant is the manner in which he concealed the contraband, and the context in which the juvenile was engaged — a closely watched schoolhouse. See *Commonwealth* v. *Ahart, supra* at 414.

Although it may well be a matter of scientific fact that the juvenile brain is undeveloped in a way that makes it more prone to poor judgment and therefore less culpable than an adult's, experience tells us that the juvenile brain is not short on creativity for mischief. See *Miller* v. *Alabama*, 132 S. Ct. 2455, 2464-2465 (2012); *Graham* v. *Florida*, 560 U.S. 48, 68 (2010). I am concerned that the court has given juveniles willing to distribute marijuana in school a blueprint for minimizing accountability: keep it at one ounce or less, and keep the number

of baggies under six, and at most you are looking at simple pos-
session, a civil infraction. See G. L. c. 94C, § 32L.

I respectfully dissent.


CORDY, J. (concurring in part and dissenting in part). I join
Justice Spina's dissent on the question whether our rules of
criminal procedure permit a judge to act on a motion to dismiss
a delinquency complaint before arraignment, where a clerk-
magistrate has issued the complaint based on the clerk-
magistrate's assessment that probable cause has been shown.

I concur with the court in its conclusion that the judge did
not err in dismissing the complaint, after arraignment, on the
ground that the application fell short of probable cause.