NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-205

COMMONWEALTH

vs.

RANDY J. DEMELLO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction, after a bench trial, of operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a) (1). He raises two arguments on appeal. First, he contends that the complaint should have been dismissed because the complaint application did not establish probable cause to believe that he was under the influence of alcohol. Second, the defendant argues that there was insufficient evidence at trial to prove the same point beyond a reasonable doubt. We affirm.

Motion to dismiss for lack of probable cause. "A motion to dismiss for lack of probable cause 'is decided from the four corners of the complaint application, without evidentiary hearing.'" Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 190 (2016), quoting Commonwealth v. Humberto H., 466 Mass. 562, 565

(2013).  We view the information in the complaint application in the light most favorable to the Commonwealth to determine whether it supports probable cause as to each essential element of the offense.  See Commonwealth v. Ricardi, 99 Mass. App. Ct. 496, 498 (2021).

Taken in the required light, the criminal complaint established the following.  At 2:30 A.M. on a Friday night in July 2022, the defendant was slumped unconscious over the driving wheel of his car.  The car was in the northbound lane on Route 79 and, although it was not moving, the engine was running, and the transmission had not been placed in park.  The windows were down.  When police approached the car, the defendant was unresponsive and difficult to rouse.  Eventually an officer was able to wake him by shaking him and yelling at him, at which point the defendant took his foot off the brake pedal and the car began to move forward.  In response to the officer's repeated loud and urgent instructions to "Put the car in park!  Put the car in park!" the defendant said "Dude it is in park" as the car continued to roll forward.  The defendant's speech was "very slurred," he blended his words together, and he was "extremely unsteady on his feet."  When he was asked to get out of the car, the defendant had difficulty walking; he also had bloodshot and glossy eyes.  The defendant denied having any medical problems, and reported that he took medication only for

2

his heart.  The officer placed the defendant under arrest for operating while under the influence of alcohol.[1]

On appeal, the defendant argues that this constellation of facts failed to establish probable cause to believe that he was under the influence of alcohol when operating his car.  We disagree.  The defendant was found passed out in his car in the travel lane of a numbered route with the engine still running.  He demonstrated impaired comprehension of the officer's questions, and failed to comply with the officer's urgent instructions to put the transmission in park.  He responded to the officer in an unusually convivial way, and his speech was slurred.  The defendant was unsteady on his feet when he got out of the car.  He also had bloodshot and glossy eyes.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 390-391 (2017) (bloodshot and glossy eyes, slurred speech, among other things); Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 354 (2015) (manner of driving, among other things); Commonwealth v.

---

[1] The complaint application also established that the defendant declined to take field sobriety tests and that he refused to take a breathalyzer test at the station after his arrest. Although the defendant's refusals would be inadmissible at trial, see Commonwealth v. Blais, 428 Mass. 294, 299 & n.3 (1998); G. L. c. 90, § 24 (1) (e), probable cause may be established by information that would not be admissible at trial.  See Commonwealth v. Stoico, 45 Mass. App. Ct. 559, 565 (1998).  In any event, probable cause was established on the face of the complaint application even setting aside the refusal evidence.

Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011) (poor balance, among other things). The defendant had no medical condition to explain this set of facts, nor was he on any medication that would have caused them. Although it is true that there is no mention of an odor of alcohol in the car, the windows of the car were down when police arrived. In any event, the clerk-magistrate could rely on the officer's decision to arrest the defendant for operating while under the influence of alcohol as a reflection of the officer's lay conclusion as to the cause of the defendant's condition. See Commonwealth v. Canty, 466 Mass. 535, 544 (2013).

Sufficiency of evidence at trial. In addition to the information we have described above, the trial evidence, viewed under the Latimore standard, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), permitted the judge to find that the defendant had difficulty walking to the back of his car when asked to do so by police. The judge could also make a conclusion as to the defendant's intoxication from alcohol based on his own viewing of the videotapes that were introduced in evidence. Because "[t]he 'effects of liquor upon the minds and actions of men are well known to everybody,'" Commonwealth v. Wall, 469 Mass. 652, 671 (2014), quoting Commonwealth v. Taylor, 263 Mass. 356, 362 (1928), we allow the trier of fact to use his or her common sense and experience to determine whether a person is

intoxicated by alcohol.  See Commonwealth v. Sands, 424 Mass. 184, 188 (1997) ("[a] lay juror understands that intoxication leads to diminished balance, coordination, and mental acuity from experience and knowledge"); Instruction 5.310 of the Criminal Model Jury Instructions for Use in the District Court (2023) ("You may rely on your experience and common sense about the effects of alcohol").[2]  The judge found that the videotapes showed not only the defendant's unsteadiness, but also his inability "to follow the simple instructions of the officer to put [his] hands behind [his] back."[3]

In addition, the officer testified that he formed an opinion as to the defendant's "sobriety," namely, that the defendant was "intoxicated."  "[A]n opinion regarding a defendant's sobriety is a lay opinion, not an expert opinion," and is admissible because "it lies within the realm of common experience."  Canty, 466 Mass. at 541.  For this reason, an officer may testify, as a lay witness, regarding his opinion as to a person's intoxication based on the officer's observations of the person's "appearance, manner, and conduct (e.g.,

---

[2] The judge is presumed to have instructed himself correctly on the law.  See Commonwealth v. Armstrong, 54 Mass. App. Ct. 594, 598 (2002).

[3] We have obtained the roadside videotape on our own initiative from the trial court, and our independent review of it leads us to conclude that the judge's findings regarding what it showed were not clearly erroneous.

5

bloodshot eyes, slurred speech, and unsteady gait)," because the principal, objective symptoms of intoxication are so well known. Id. Both "sobriety" and "intoxication" are commonly understood to refer to alcohol usage, and the judge as the trier of fact could accept them as such, especially when combined with the judge's observations of the defendant in the videotapes and the other circumstances that indicated the defendant was under the influence of alcohol. In short, the evidence was sufficient to allow the judge to conclude beyond a reasonable doubt that the defendant was operating while under the influence of alcohol.

Judgment affirmed.

By the Court (Vuono, Wolohojian & Toone, JJ.[4]),

Assistant Clerk

Entered: March 6, 2024.

---

[4] The panelists are listed in order of seniority.