## COMMONWEALTH *vs.* ANTONIO L. PACHECO.

Essex. December 6, 2012. - April 5, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Controlled Substances. Firearms. Constitutional Law,* Search and seizure. *Search and Seizure,* Motor vehicle, Threshold police inquiry, Probable cause. *Threshold Police Inquiry. Probable Cause. Evidence,* Firearm.

A District Court judge erred in denying the criminal defendant's pretrial motion to suppress evidence of, inter alia, a firearm that was found in a backpack in the trunk of a vehicle that had been stopped by a State trooper, where signs of recent social sharing of marijuana, and the presence in the vehicle of less than an ounce of what the trooper believed to be marijuana, did not give the trooper probable cause to believe that a criminal amount of contraband or evidence of a crime could be found in the trunk. [771-772]

COMPLAINT received and sworn to in the Lynn Division of the District Court Department on March 2, 2011.

A pretrial motion to suppress evidence was heard by *Stacey Fortes-White,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Gants,* J., in the Supreme Judicial Court for the county of Suffolk, and the case was reported by him to the Appeals Court. The Supreme Judicial Court granted an application for direct appellate review.

*Paul R. Rudof,* Committee for Public Counsel Services (*Tracy Walts,* Committee for Public Counsel Services, with him) for the defendant.

*Ronald DeRosa,* Assistant District Attorney, for the Commonwealth.

*Michael D. Cutler & Steven S. Epstein,* for National Organization for the Reform of Marijuana Laws, amicus curiae, submitted a brief.

*Ezekiel Edwards,* of New York, *Matthew R. Segal, & Alex G. Philipson,* for American Civil Liberties Union of Massachusetts & another, amici curiae, submitted a brief.

DUFFLY, J. The defendant appeals from the denial of his motion to suppress a firearm and other evidence found in a backpack in the trunk of a vehicle that had been stopped by a State trooper. A District Court judge determined that, after the trooper smelled freshly burnt marijuana and was directed to a small bag of marijuana on the floor of the vehicle, occupied by the defendant and four others, he had probable cause to believe that a crime had been committed and that evidence of that crime could be found in the trunk.[1] A single justice of this court allowed the defendant's application for leave to file an interlocutory appeal in the Appeals Court pursuant to Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). We granted the defendant's application for direct appellate review.

Considering this case in conjunction with our decisions in *Commonwealth v. Jackson, ante* 758 (2013), and *Commonwealth v. Daniel, ante* 746 (2013)*,* we conclude that the trooper did not have probable cause to believe that a criminal amount of contraband or evidence of a crime could be found in the trunk, and therefore that the order denying the motion to suppress must be reversed.

*Background.* In reviewing a motion to suppress, "we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of [her] ultimate findings and conclusions of law.' " *Commonwealth v. Scott,* 440 Mass. 642, 646 (2004), quoting *Commonwealth v. Jiminez,* 438 Mass. 213, 218 (2002). We summarize the judge's findings of fact, made following an evidentiary hearing at which the sole witness was the State police trooper who had performed the search of the vehicle. We include additional detail where it appears that the judge implicitly credited the trooper's testimony. See *Commonwealth v. Isaiah I.,* 448 Mass. 334, 337 (2007).

The trooper was patrolling the Heritage State Park in Lynn at approximately 9:50 P.M. on a January evening. A sign at the park's entrance stated that the park was open from dawn until dusk. The trooper observed a single vehicle in the parking lot: a gray sedan that was parked in a handicapped parking space but

---

[1]We acknowledge the amicus brief of the American Civil Liberties Union of Massachusetts and the American Civil Liberties Union, and the amicus brief of the National Organization for the Reform of Marijuana Laws, in support of the defendant.

did not display a handicapped placard or special registration plate.[2] The trooper activated the lights on his cruiser so that the vehicle was illuminated. The sedan's engine was running, and as he approached, the trooper noticed that the closed windows were fogged. He could see five people moving around inside.

When the trooper approached the driver's side window, the occupants lowered the windows on that side, and the trooper smelled the strong odor of freshly burnt marijuana emanating from within the vehicle. He asked the driver to produce a license and registration and informed the occupants that they were in the park after hours in violation of Department of Conservation and Recreation regulations. He asked the occupants if they had been smoking marijuana, and heard "several yeses from inside the vehicle." The trooper was unable to identify which occupants admitted to smoking. The judge "credit[ed] the inference that the occupants were sharing marijuana in the car." Responding to the trooper's question whether there was still any marijuana in the vehicle, one occupant admitted that there was still a small amount inside.

The trooper ordered the driver to turn off the engine. He then had the occupants step out of the vehicle, one at a time, so that he could conduct a search of each "for weapons and contraband." He found neither on any of the occupants. During this search, a rear seat passenger informed the trooper that there was a bag of marijuana on the floor mat behind the front passenger seat. When the trooper illuminated the area with his flashlight, he could see a clear plastic bag containing what appeared to be marijuana. Upon closer inspection, the trooper concluded that the bag contained "a partial ounce" of the drug; he continued to search the interior of the vehicle for contraband but found nothing.

After all the occupants had left the vehicle and had been searched, the trooper ordered them to stand in front of the vehicle. He then opened the trunk and found a black backpack, which he opened and searched. From inside the bag, the trooper recovered a semiautomatic handgun. The trooper radioed for backup, and an officer of the Lynn police department responded

---

[2]See G. L. c. 40, § 21 (civil violation to park in space designated for use by handicapped person); 350 Code Mass. Regs. § 2.01(2)(*b*) (2010) (civil violation to enter State park after dusk).

in a marked cruiser with lights activated. As the trooper and the officer approached the occupants to inquire about the gun, the defendant said, "It's mine, it's mine, it's mine." Each of the occupants was handcuffed, and the trooper read them the Miranda warnings. He also asked that whoever was the owner of the weapon produce a firearm identification (FID) card. The defendant repeated that the weapon was his, along with the backpack and the marijuana; he did not produce an FID card.

The defendant was arrested and taken to the State police barracks. En route, the trooper asked the defendant why he had a gun, and the defendant responded that he needed it for protection. The defendant was charged with possession of ammunition without an FID card in violation of G. L. c. 269, § 10 (*h*) (1); carrying a loaded firearm without a license, G. L. c. 269, § 10 (*n*); and possession of a firearm without an FID card, G. L. c. 269, § 10 (*h*). He was also issued civil citations for being in the park after dusk and for possession of less than one ounce of marijuana. The defendant sought suppression of the firearm and ammunition that was found in the backpack, and of his statements to police. His motion was denied.

*Discussion.* When police conduct a search of an automobile without first obtaining a search warrant, the Commonwealth bears the burden of proving "the existence of both probable cause to believe that the automobile contained contraband and of exigent circumstances to justify proceeding without a warrant." *Commonwealth* v. *Santiago*, 410 Mass. 737, 744 (1991). Before us, the Commonwealth makes the same arguments concerning the validity of the search that it made during the hearing on the defendant's motion to suppress.[3]

The Commonwealth maintains that the signs of recent use of

---

[3] The defendant claims that the exit orders issued to the passengers and the retrieval of the small bag of marijuana from the passenger compartment violated his rights under art. 14 of the Massachusetts Declaration of Rights. The Commonwealth contends that the officer's exit orders were proper: that he had probable cause to believe that the occupants had committed criminal trespass, see G. L. c. 266, § 123, and that he had reasonable suspicion that the driver was operating while under the influence. See *Commonwealth* v. *Cruz*, 459 Mass. 459, 466-467 (2011) (exit order allowed if officer has reasonable suspicion passenger is committing crime). The Commonwealth does not argue that either rationale justified the search of the trunk. Given our disposition of this case, it is unnecessary to address the defendant's claim concerning the exit orders.

marijuana, and the presence in the vehicle of less than an ounce of what the officer believed to be marijuana, gave the trooper probable cause to search for additional contraband elsewhere in the vehicle. In *Commonwealth* v. *Daniel, supra* at 751-752, on similar facts, we determined that an officer smelling freshly burnt marijuana inside a stopped vehicle, and an occupant surrendering a noncriminal amount of marijuana, did not, without more, support probable cause to believe that a criminal amount of marijuana would be found in the vehicle. "Absent articulable facts supporting a belief that [any occupant of the vehicle] possessed a criminal amount of marijuana, the search was not justified by the need to search for contraband." *Id.*

The Commonwealth argues that the trooper properly searched the vehicle because he reasonably could have believed that the vehicle's occupants had been sharing marijuana, and thus had probable cause to believe that they were engaged in criminal distribution of marijuana in violation of G. L. c. 94C, § 32C (*a*). However, the social sharing of marijuana does not constitute distribution in violation of G. L. c. 94C, § 32C (*a*). See *Commonwealth* v. *Jackson, supra* at 764-765. Because the trooper did not have probable cause to believe that the occupants of the vehicle were engaged in the distribution of marijuana, he was not permitted to search the trunk for evidence thereof.

The defendant's statements to police, during which he made admissions regarding ownership of the handgun and other contraband, were made after they were found in the trunk; the statements were in response to, and a result of, the illegal search. As such, the statements were the fruit of the impermissible search of the trunk. See *Commonwealth* v. *Keefner*, 461 Mass. 507, 518 (2012), and cases cited. Therefore, the motion to suppress, as to both the physical evidence recovered from the trunk of the vehicle and the defendant's statements to police, should have been allowed.

*Conclusion.* The order denying the motion to suppress is vacated, and an order shall enter allowing that motion. The case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*