NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1525                                          Appeals Court

COMMONWEALTH  vs.  ROBERT COLON.

No. 14-P-1525.

Essex.       September 22, 2015. - October 26, 2015.

Present:  Berry, Grainger, & Sullivan, JJ.


Search and Seizure, Protective sweep, Warrant.  Firearms.
    Controlled Substances.  Constitutional Law, Search and
    seizure.



    Complaint received and sworn to in the Lynn Division of the
District Court Department on February 19, 2013.

    A pretrial motion to suppress evidence was heard by Matthew
J. Machera, J.

    An application for leave to prosecute an interlocutory
appeal was allowed by Ralph D. Gants, J., in the Supreme
Judicial Court for the county of Suffolk, and the appeal was
reported by him to the Appeals Court.


    Scott F. Gleason for the defendant.
    Quentin Weld, Assistant District Attorney, for the
Commonwealth.


    GRAINGER, J.  The defendant appeals from the denial of his

motion to suppress evidence obtained during a warrantless search

of his apartment conducted at the time of his arrest on an outstanding warrant.[1]  A judge of the District Court concluded that the search was permissible as a "protective sweep."

The facts found by the motion judge after an evidentiary hearing are undisputed for purposes of our consideration of the motion to suppress.  The salient findings are these:[2]  The

---

[1] A single justice of the Supreme Judicial Court allowed the defendant's motion to file an interlocutory appeal.

[2] Trooper Babbin was the only witness to testify at the suppression hearing.  Neither the arrest warrant nor any other documentary evidence was introduced.  The judge recited his findings in full as follows:

"On February 15, 2013, [m]embers of the Massachusetts State Police, led by Sgt. Timothy Babbin, along with members of the Lynn Police Department, executed an arrest warrant for one Robert Colon at 159A Essex Street in Lynn, Massachusetts.  Sgt. Timothy Babbin, a highly experienced trooper with over twenty years of experience in a variety of roles within the state police, led the arrest.  When the officers arrived, they knocked on the front door.  The[] officers could hear the voice of a man and a woman in conversation.  The officers continued to knock and announced their office without any response from the occupants inside.  The officers continued to knock and at some point heard running water and heard people moving about the apartment.  The officers waited several minutes while continuing to knock and announce their office.  At one point, a female voice told police that she had to get dressed before opening the door.  After a significant delay, the door to apartment 159A opened, revealing the defendant, full[y] dressed.  The officers asked the defendant who he was and he answered that his name was Robert Colon.  The officers immediately smelled a strong odor of fresh marijuana.  The defendant appeared anxious and nervous and stated to the police 'let's go' and attempted to walk out of the apartment.  The officers directed the defendant back into the apartment and cuffed him.  After speaking to the defendant, the officers could

officers were made to wait several minutes after they knocked and announced their presence.  During that time they heard a man and woman in conversation, running water, and a woman's voice informing them she needed to get dressed.  The defendant opened the door and the officers "smelled a strong odor of fresh marijuana."  The defendant said "let's go" and attempted to leave with the officers, who instead brought him back inside the apartment, handcuffed him, and conducted the protective sweep.

Discussion.  Both United States Supreme Court and Massachusetts cases have recognized that a limited protective sweep of premises may be conducted incident to an arrest in order to ensure the safety of the arresting officers if they can demonstrate a "reasonable belief based on 'specific and articulable facts' that the area could harbor a dangerous individual."  Commonwealth v. Matos, 78 Mass. App. Ct. 156, 159 (2010), quoting from Maryland v. Buie, 494 U.S. 325, 327, 334

---

not say with certainty that his voice was the voice that they heard while they were waiting for the apartment door to open.  Based on the significant delay in opening the door, the smell of fresh marijuana, the sound of running water, the sound of people moving about[,] and not knowing if the voice heard was that of the defendant, the officers decided to conduct a protective sweep.  Inside one of the bedrooms, the officers observed three large bags of suspected marijuana located on a shelf inside an open closet.  Also found during the protective sweep of the apartment were drug paraphernalia and US currency."

(1990). We conclude that the evidence in this case falls short of that standard.

We are unpersuaded by the Commonwealth's argument, based on facts not found by the judge,[3] that the warrant-related charge, illegal possession of a firearm with a defaced serial number, describes a "prior violent felony" that justified entry and search of the apartment under these circumstances. Illegal possession of a firearm is certainly troubling, and clearly justifies caution. But possession alone is not per se a violent act. See, e.g., Commonwealth v. DeJesus, 70 Mass. App. Ct. 114, 120 (2007) (articulable facts justifying protective sweep can be found in a defendant's "record of violent felonies and firearm possession charges" [emphasis supplied]). Accordingly, while the charge to which the warrant relates is generally a relevant factor bearing on our consideration of the appropriate conduct of arresting officers, it must be viewed in context.

As stated, here the defendant opened the door, said, "let's go," and attempted to leave with the officers. The only individual claimed to represent a threat was cooperating with the police, had submitted to custody and, from all appearances, was completely compliant. The police had achieved their

---

[3] The arresting officer was asked by the prosecutor, "Do you know whether [the underlying] charges were tried or untried?" and replied, "I don't." The judge's findings (see note 2, supra) refer only to an "arrest warrant." See Commonwealth v. Jones-Pannell, 472 Mass. 429, 436-438 (2015).

objective without conflict and in fairly short order.  For this reason it would be irrelevant to our consideration even had the judge made the findings about the warrant-related charge asserted by the Commonwealth.  In sum, the Commonwealth's claim that a danger posed by the charge of previous illegal possession of a firearm justified entering the premises after the defendant had surrendered, and then conducting a search, does not withstand scrutiny.

A comparison with Commonwealth v. Matos, supra, and Commonwealth v. DeJesus, supra, is useful.  In Matos the suspect, who the police knew had been previously arrested for a firearms offense, ran into a bedroom and shut the door when they arrived to execute an arrest warrant on drug distribution charges.  78 Mass. App. Ct. at 157.  A divided panel of this court concluded that, under those facts, officers on the third floor of the house "could reasonably continue" a protective sweep while the defendant was in the custody of officers on the second floor.  Id. at 159.  In DeJesus, the arrest on a warrant for armed carjacking likewise occurred inside the apartment. "An ambush in a confined setting of unknown configuration is more to be feared than it is in open, more familiar surroundings."  DeJesus, 70 Mass. App. Ct. at 119, quoting from Maryland v. Buie, 494 U.S. at 333.  Here, by contrast, the defendant made it unnecessary to effectuate the arrest in the

apartment and there was no evidence of danger to be expected from the apartment.

The motion judge obviously could infer from the evidence that the defendant's cooperation with the police and his eagerness to be taken away from the premises was intended to avoid discovery of the marijuana in the apartment. But the Commonwealth's argument on appeal is explicitly limited to the protective sweep exception; consequently we do not address the exception to the warrant requirement based on preventing the imminent destruction of evidence of a crime.[4]

Order denying motion to
suppress evidence reversed.

---

[4] For this reason we also do not address whether the strong smell of fresh marijuana in particular would have justified a protective sweep to preserve evidence of a crime after the enactment of G. L. c. 94C, §§ 32L-32N. Cf. Commonwealth v. Pacheco, 464 Mass. 768 (2013); Commonwealth v. Rodriguez, 472 Mass. 767 (2015).

BERRY, J. (concurring).  The only reason I concur in this decision reversing the denial of the suppression motion concerning the protective sweep is that the motion judge entered only limited and inchoate findings of fact.  The abbreviated findings concerning what would constitute specific and articulable facts to justify a protective sweep were as follows:

> "the significant delay in opening the door, the smell of fresh marijuana, the sound of running water, the sound of people moving about[,] and [the police] not knowing if the voice heard was that of the defendant[]."

These limited findings do not support the protective sweep in this case.  Therefore, the majority, with which I concur, reverses the denial of the suppression motion.

I write separately, however, because I believe there was additional and uncontroverted testimony by the officer that might very well have justified the protective sweep.  However, under Commonwealth v. Jones-Pannell, 472 Mass. 429, 436-438 (2015), an appellate court is constricted in supplementing the motion judge's findings of fact with uncontroverted testimony.  In this case, there was such uncontroverted testimony, not addressed in the findings of the motion judge.  For example, the arresting officer's testimony included the following:

> Prosecutor:  "All right.  Do you remember the nature of the warrant for [the defendant]?"

> Trooper Babbin:  "Yes.  It was a WNS warrant for illegal possession of a firearm, possession of a firearm with a defaced serial number; I believe it was distribution of

> [c]lass A; and possession with intent to distribute of class B. . . ."[1]

The defendant's memorandum in support of his motion to suppress describes the warrant as relating to a probation violation. Furthermore, Trooper Babbin testified that there was a "Mass[achusetts] probation parole officer" present at the time of the warrant execution. However, none of this warrant background appears in the findings, which refer only to an "arrest warrant" without particularization. This is important because knowledge of a defendant's "record of violent felonies and firearm possession charges" may yield a reasonable and articulable basis supporting a protective sweep. Commonwealth v. Matos, 78 Mass. App. Ct. 156, 159 (2010), quoting from Commonwealth v. DeJesus, 70 Mass. App. Ct. 114, 120 (2007)

---

[1] When the prosecutor asked Trooper Babbin whether he was aware of the disposition of the underlying charges, Trooper Babbin acknowledged that he did not know whether the charges were "tried or untried." However, that it was a probation violation warrant is indicated in the defendant's memorandum supporting his motion to suppress: "On February 15, 2013, the Lynn police appeared at 159A Essex Street to execute an arrest warrant for [the defendant] (probation violation)." It should also be noted that defense counsel indicated the following at the motion hearing: "the record will reflect that the warrant which issued in this case is a warrant that was issued in -- and I'd ask you to take judicial notice of that -- of that probation record -- would indicate that the warrant was issued in 2011." Motion counsel went on to state that the officer "had knowledge of there being an issue of violence regarding older charges, as you will note, and charges which had already been adjudicated in your review of the record."

("[A]n objective concern for [officers'] safety [can be] rooted in the articulable facts of the defendant's criminal history").

Again applying the Jones-Pannell rule, not to be considered in appellate review is the uncontroverted testimony of the officer that reflects other aggravating factors which may have justified the protective sweep. By way of example, the motion judge's findings only vaguely recounted that the officers heard the voices of a man and a woman following a significant delay before the defendant opened the door and came out. The findings do not address any risk that the woman within the apartment may have posed and do not address the possibility of a second, unaccounted-for man, where the officer testified that the police did not recognize the male voice as that of the defendant (whose voice they would have heard when the defendant came out of the apartment).

A protective sweep affords officers an invaluable tool to protect their safety when effectuating an arrest in the home, a place where "[t]he risk of danger . . . is as great as, if not greater than, it is in an on-the-street or roadside investigatory encounter." Maryland v. Buie, 494 U.S. 325, 333 (1990). "Moreover, unlike an encounter on the street or along a highway, an in-home arrest puts the officer at the disadvantage of being on his adversary's 'turf.' An ambush in a confined

setting of unknown configuration is more to be feared than it is in open, more familiar surroundings."  Ibid.

Given the important safety concerns that may underlie a protective sweep such as in this case, I join the majority in reversing the denial of the suppression motion, but do so only because the motion judge's findings of fact fail to reflect additional, and key, aggravating factors set forth in the uncontroverted testimony -- which falls outside appellate review under Jones-Pannell.