Grainger, J.
The defendant appeals from the denial of his motion to suppress evidence obtained during a warrantless search of his apartment conducted at the time of his arrest on an outstanding warrant.[1] A judge of the District Court concluded that the search was permissible as a “protective sweep.”
*580 The facts found by the motion judge after an evidentiary hearing are undisputed for purposes of our consideration of the motion to suppress. The salient findings are these:[2] The officers were made to wait several minutes after they knocked and announced their presence. During that time they heard a man and woman in conversation, running water, and a woman’s voice informing them she needed to get dressed. The defendant opened the door and the officers “smelled a strong odor of fresh marijuana.” The defendant said, “[Ljet’s go,” and attempted to leave with the officers, who instead brought him back inside the apartment, handcuffed him, and conducted the protective sweep.
Discussion. Both United States Supreme Court and Massachusetts cases have recognized that a limited protective sweep of premises may be conducted incident to an arrest in order to ensure *581 the safety of the arresting officers if they can demonstrate a “reasonable belief based on ‘specific and articulable facts’ that the area could harbor a dangerous individual.” Commonwealth v. Matos, 78 Mass. App. Ct. 156, 159 (2010), quoting from Maryland v. Buie, 494 U.S. 325, 327, 334 (1990). We conclude that the evidence in this case falls short of that standard.
We are unpersuaded by the Commonwealth’s argument, based on facts not found by the judge,[3] that the warrant-related charge, illegal possession of a firearm with a defaced serial number, describes a “prior violent felony” that justified entry and search of the apartment under these circumstances. Illegal possession of a firearm is certainly troubling, and clearly justifies caution. But possession alone is not per se a violent act. See, e.g., Commonwealth v. DeJesus, 70 Mass. App. Ct. 114, 120 (2007) (articulable facts justifying protective sweep can be found in a defendant’s “record of violent felonies and firearm possession charges” [emphasis supplied]). Accordingly, while the charge to which the warrant relates is generally a relevant factor bearing on our consideration of the appropriate conduct of arresting officers, it must be viewed in context.
As stated, here the defendant opened the door, said, “[L]et’s go,” and attempted to leave with the officers. The only individual claimed to represent a threat was cooperating with the police, had submitted to custody, and, from all appearances, was completely compliant. The police had achieved their objective without conflict and in fairly short order. For this reason it would be irrelevant to our consideration even had the judge made the findings about the warrant-related charge asserted by the Commonwealth. In sum, the Commonwealth’s claim that a danger posed by the charge of previous illegal possession of a firearm justified entering the premises after the defendant had surrendered, and then conducting a search, does not withstand scrutiny.
A comparison with Commonwealth v. Matos, supra, and Commonwealth v. DeJesus, supra, is useful. In Matos the suspect, who the police knew had been previously arrested for a firearms offense, ran into a bedroom and shut the door when they arrived to execute an arrest warrant on drug distribution charges. 78 Mass. App. Ct. at 157. A divided panel of this court concluded that, *582 under those facts, officers on the third floor of the house “could reasonably continue” a protective sweep while the defendant was in the custody of officers on the second floor. Id. at 159. In DeJesus, the arrest on a warrant for armed carjacking likewise occurred inside the apartment. “An ambush in a confined setting of unknown configuration is more to be feared than it is in open, more familiar surroundings.” DeJesus, 70 Mass. App. Ct. at 119, quoting from Maryland v. Buie, 494 U.S. at 333. Here, by contrast, the defendant made it unnecessary to effectuate the arrest in the apartment, and there was no evidence of danger to be expected from the apartment.
The motion judge obviously could infer from the evidence that the defendant’s cooperation with the police and his eagerness to be taken away from the premises was intended to avoid discovery of the marijuana in the apartment. But the Commonwealth’s argument on appeal is explicitly limited to the protective sweep exception; consequently we do not address the exception to the warrant requirement based on preventing the imminent destruction of evidence of a crime.[4]

Order denying motion to suppress evidence reversed.

 A single justice of the Supreme Judicial Court allowed the defendant’s motion to file an interlocutory appeal.

 Trooper Babbin was the only witness to testify at the suppression hearing. Neither the arrest warrant nor any other documentary evidence was introduced. The judge recited his findings in full as follows:
“On February 15, 2013, [mjembers of the Massachusetts State Police, led by Sgt. Timothy Babbin, along with members of the Lynn Police Department, executed an arrest warrant for one Robert Colon at 159A Essex Street in Lynn, Massachusetts. Sgt. Timothy Babbin, a highly experienced trooper with over twenty years of experience in a variety of roles within the state police, led the arrest. When the officers arrived, they knocked on the front door. The[ ] officers could hear the voice of a man and a woman in conversation. The officers continued to knock and announced their office without any response from the occupants inside. The officers continued to knock and at some point heard running water and heard people moving about the apartment. The officers waited several minutes while continuing to knock and announce their office. At one point, a female voice told police that she had to get dressed before opening the door. After a significant delay, the door to apartment 159A opened, revealing the defendant, full[y] dressed. The officers asked the defendant who he was and he answered that his name was Robert Colon. The officers immediately smelled a strong odor of fresh marijuana. The defendant appeared anxious and nervous and stated to the police ‘let’s go’ and attempted to walk out of the apartment. The officers directed the defendant back into the apartment and cuffed him. After speaking to the defendant, the officers could not say with certainty that his voice was the voice that they heard while they were waiting for the apartment door to open. Based on the significant delay in opening the door, the smell of fresh marijuana, the sound of running water, the sound of people moving about[J and not knowing if the voice heard was that of the defendant, the officers decided to conduct a protective sweep. Inside one of the bedrooms, the officers observed three large bags of suspected marijuana located on a shelf inside an open closet. Also found during the protective sweep of the apartment were drug paraphernalia and US currency.”

 The arresting officer was asked by the prosecutor, “Do you know whether [the underlying] charges were tried or untried?” and replied, “I don’t.” The judge’s findings (see note 2, supra) refer only to an “arrest warrant.” See Commonwealth v. Jones-Pannell, 472 Mass. 429, 436-438 (2015).

 For this reason we also do not address whether the strong smell of fresh marijuana in particular would have justified a protective sweep to preserve evidence of a crime after the enactment of G. L. c. 94C, §§ 32L-32N. Cf. Commonwealth v. Pacheco, 464 Mass. 768 (2013); Commonwealth v. Rodriguez, 472 Mass. 767 (2015).