NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReportersjc.state.ma.us

15-P-1085                                            Appeals Court

COMMONWEALTH  vs.  JOSEFA TEJEDA.

No. 15-P-1085.

Suffolk.     April 14, 2016. - June 24, 2016.

Present:  Kafker, C.J., Kinder, & Neyman, JJ.

Misleading a Police Officer.  Probable Cause.  Practice,
    Criminal, Dismissal, Complaint.  Words, "Trick," "Scheme,"
    "Device."


    Complaint received and sworn to in the Roxbury Division of
the Boston Municipal Court Department on October 8, 2014.

    A motion to dismiss was heard by David Weingarten, J., and
a motion for reconsideration was considered by him.


    Zachary Hillman, Assistant District Attorney, for the
Commonwealth.
    David S. Victorson (Lia C. Monahon with him) for the
defendant.


    KINDER, J.  The defendant was charged in the Roxbury

Division of the Boston Municipal Court Department with

possession of heroin, see G. L. c. 94C, § 34, and misleading a

police officer, see G. L. c. 268, § 13B.[1]  Prior to trial the
defendant moved to dismiss both charges, arguing that the
complaint application failed to establish probable cause.  The
motion was denied as to the heroin charge, but allowed as to the
charge of misleading a police officer; the Commonwealth
appealed.[2]  This interlocutory appeal presents the question
whether the concealment and destruction of evidence can mislead
a police officer within the meaning of G. L. c. 268, § 13B.  On
the facts presented here, we conclude that it can.  Accordingly,
we vacate the order dismissing the charge of misleading a police
officer.

Background.  We summarize the facts set forth in the
application in support of the complaint.  On October 8, 2014,
Boston police Officer David Crabbe was on patrol near Roxbury
and Washington Streets, an area of Boston known for open drug
dealing.  His attention was drawn to a white male later
identified as Christopher Willett.  Earlier in the day Officer
Crabbe had observed Willett attempting to trade food stamps for
drugs.  Officer Crabbe observed Willett walking briskly on
Marvin Street toward Shawmut Avenue.  Willett was accompanied by
the defendant, known to Officer Crabbe as "Josefa Tejada [sic]."

---

[1] The caption of the complaint reads "268/13B/A
Witness/Juror/Police/Court Official, Intimidate c268 § 13B."

[2] The Commonwealth also filed a motion for reconsideration,
which was denied in an order that also was appealed.

He lost sight of them briefly as he entered his cruiser to follow. Officer Crabbe next observed Willett and the defendant on Madison Park Court behind a parked car. They made eye contact with Officer Crabbe, turned, and began to walk away. Officer Crabbe then observed a third individual squatting behind the car. He recognized him as Jim Figueroa, known to Officer Crabbe as a heroin user. Figueroa appeared to be concealing something in his right hand and turned away from Officer Crabbe. Concerned that Figueroa might be holding a needle, Officer Crabbe demanded that Figueroa show his hands. When Figueroa did not comply, Officer Crabbe grabbed Figueroa's right arm, causing a small plastic bag of a light brown powdery substance to fall from his hand to the ground. Officer Crabbe then arrested Figueroa. Figueroa attempted to step on the bag as Officer Crabbe placed him in handcuffs. As Officer Crabbe pulled Figueroa away and placed him on the ground, Officer Crabbe observed the defendant return to their location, pick up the plastic bag, and place the item in her mouth. The bag and its contents were not recovered.

Discussion. In allowing the motion to dismiss, the motion judge reasoned that the charge of misleading a police officer required some act of deception and that the ingestion of the substance was not misleading conduct.

"[A] motion to dismiss a criminal complaint for lack of probable cause is decided from the four corners of the complaint application, without evidentiary hearing." Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 111 (2013). We review the judge's decision to allow the defendant's motion to dismiss de novo. Commonwealth v. Ilya I., 470 Mass. 625, 627 (2015). On review, we determine "whether the complaint application contains 'sufficient evidence to establish the identity of the accused . . . and probable cause to arrest [her].'" Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting from Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). For the reasons that follow, we conclude that the facts set forth in the complaint application, together with reasonable inferences drawn therefrom, established probable cause that the defendant concealed and destroyed evidence with the intent to interfere with a criminal investigation, and that such conduct was misleading pursuant to G. L. c. 268, § 13B(1)(c).

The witness intimidation statute, G. L. c. 268, § 13B, was expanded in 2006 to cover a broad range of crimes against public justice. "As a result, § 13B for the first time outlawed 'mislead[ing]' and 'harass[ing]' conduct, in addition to the 'threaten[ing]' and 'intimidat[ing]' conduct that the prior

version of the statute had proscribed."[3]  Commonwealth v. Morse,

468 Mass. 360, 369 (2014).  As relevant here, G. L. c. 268,

§ 13B(1)(c), provides that "whoever directly or indirectly (1)

wilfully misleads (2) a police officer (3) with the intent to

impede, obstruct, delay, harm, punish, or otherwise interfere

thereby with a criminal investigation shall be punished."

Morse, supra at 370.

In Commonwealth v. Figueroa, 464 Mass. 365, 372 (2013), the

Supreme Judicial Court adopted the definition of misleading

conduct that was used in the Federal witness tampering statute,

18 U.S.C. § 1512 (2006).[4]  Misleading conduct was defined in 18

---

[3] General Laws c. 268, § 13B, as appearing in St. 2006,
c. 48, § 3, provides in relevant part, "Whoever, directly or
indirectly, willfully . . . (c) misleads, intimidates or
harasses another person who is:  (i) a witness or potential
witness at any stage of a criminal investigation, grand jury
proceeding, trial or other criminal proceeding of any type; (ii)
a person who is or was aware of information, records, documents
or objects that relate to a violation of a criminal statute, or
a violation of conditions of probation, parole or bail; (iii) a
judge, juror, grand juror, prosecutor, police officer, federal
agent, investigator, defense attorney, clerk, court officer,
probation officer or parole officer; [or] (iv) a person who is
or was furthering a criminal investigation, grand jury
proceeding, trial or other criminal proceeding of any type; with
the intent to impede, obstruct, delay, harm, punish or otherwise
interfere thereby with a criminal investigation, grand jury
proceeding, trial or other criminal proceeding of any type shall
be punished."  Section 13B was amended in 2010 in a manner not
relevant here.  St. 2010, c. 256, § 120.

[4] The Federal witness tampering statute, 18 U.S.C. § 1512(b)
(2006), provided, "Whoever knowingly uses intimidation,
threatens, or corruptly persuades another person, or attempts to
do so, or engages in misleading conduct toward another person,

U.S.C. § 1515(a)(3) (2006).[5]  Pertinent here, it is knowingly

using a trick, scheme, or device with intent to mislead.  18

U.S.C. § 1515(a)(3)(E) (2006).  Because the Federal statute does

not define "trick, scheme or device," and Federal cases have not

---

with intent to (1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding; (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding; (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or (D) be absent from an official proceeding to which such person has been summoned by legal process; or (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation[,] . . . supervised release, . . . parole, or release pending judicial proceedings . . . shall be fined . . . or imprisoned."  Section 1512(b) appeared in the 2012 version of the United States Code in a substantially similar way.

[5] Misleading conduct was defined in 18 U.S.C. § 1515(a)(3) (2006) as "(A) knowingly making a false statement; (B) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; (C) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; (D) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or (E) knowingly using a trick, scheme, or device with intent to mislead."  Section 1515(a)(3) appeared in the 2012 version of the United States Code in a substantially similar way.

further interpreted these terms,[6] we "give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose."  Commonwealth v. Zone Book, Inc., 372 Mass. 366, 369 (1977).  "We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions."  Ibid.  A "trick" is "[a]n indirect, often deceptive or fraudulent means of achieving an end.  A mischievous act."  Webster's II New College Dictionary 1177 (2001).  "Scheme" is defined as a "[a] plan, esp[ecially] a secret or underhand[ed] one."  Id. at 987.  "Device" is defined as a "[a] plan or scheme, esp[ecially] a malign one."  Id. at 310.

Before applying these definitions to the facts here, we reiterate the familiar probable cause standard.  "Probable cause requires sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed."  Commonwealth v. Walczak, 463 Mass. 808, 817 (2012), quoting from Commonwealth v. Levesque, 436 Mass. 443, 447 (2002).  The

---

[6] Without addressing the meaning of the terms "trick, scheme, or device" the United States Court of Appeals for the Eleventh Circuit concluded that the alteration of physical evidence by a defendant (specifically, ripping his shirt and submitting it to a police technician to create a false impression) was a misleading trick, scheme, or device within the meaning of 18 U.S.C. § 1515(a)(3).  United States v. Veal, 153 F.3d 1233, 1254 (11th Cir. 1998).

standard is not difficult to meet.  Indeed, "[i]n dealing with probable cause, . . . as the very name implies, we deal with probabilities.  These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act."  Draper v. United States, 358 U.S. 307, 313 (1959), quoting from Brinegar v. United States, 338 U.S. 160, 175 (1949).

Mindful of this standard, we conclude the facts set forth in the complaint application give rise to a reasonable inference that the defendant's affirmative act of picking up and swallowing the suspected heroin was a trick.  That is, it was a mischievous act designed to outwit the police by preventing them from seizing the evidence and, ultimately, proving its chemical composition.  From a practical and commonsense point of view, it is reasonable to infer that swallowing the suspected heroin was an affirmative act committed for the purpose of interfering with and impeding a criminal investigation.

This interpretation of misleading conduct is consistent with the legislative purpose of the 2006 amendment.  Prior to 2006, § 13B was primarily a witness intimidation statute, protecting witnesses and jurors from interference and injury during the pendency of a criminal proceeding.  "The 2006 amendment overhauled § 13B as part of a larger 'act reducing gang violence' . . . , significantly expanding its scope in the

process, although not its essential purpose."  <u>Morse</u>, 468 Mass. at 368.  The amendment expanded "the scope of the conduct prohibited, the classes of victims protected, and the types of criminal proceedings covered."  <u>Figueroa</u>, 464 Mass. at 368. Significantly, it criminalized misleading conduct and added police officers to the list of victims protected.  From this expansion of the statute we discern a legislative intent to arm law enforcement officers with additional tools to combat deliberate interference with criminal investigations and prosecutions, precisely the conduct alleged here.

<u>Order dismissing charge of misleading a police officer vacated</u>.