NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12187

COMMONWEALTH  vs.  JOSEFA TEJEDA.

Suffolk.     December 8, 2016. - April 20, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.

Misleading a Police Officer.

Complaint received and sworn to in the Roxbury Division of the Boston Municipal Court Department on October 8, 2014.

A motion to dismiss was heard by David Weingarten, J., and a motion for reconsideration was considered by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

Jason Shaffer (Robert E. Proctor & Colin Doyle also present) for the defendant.
Zachary Hillman, Assistant District Attorney (Alexandra I. Halprin also present) for the Commonwealth.

BUDD, J.  This case presents an opportunity to further clarify the meaning of "misleads" in the context of G. L. c. 268, § 13B, specifically as it relates to nonverbal conduct. Here, a complaint issued charging the defendant, Josefa Tejeda,

with misleading a police officer after she picked up a small bag of what was believed to be heroin and swallowed it as the officer watched.[1]  A Boston Municipal Court judge dismissed the count.  The defendant sought further appellate review after the Appeals Court vacated the dismissal.  See Commonwealth v. Tejeda, 89 Mass. App. Ct. 625 (2016).  We affirm the order of the trial court judge, concluding that the defendant's actions were not misleading within the meaning of the statute.

Background.  We summarize the facts included in the application in support of the complaint against the defendant. A police officer approached the defendant and a male whom the officer had observed earlier trying to purchase heroin with food stamps.  The two made eye contact with the officer and began to walk away.  A third person, a known heroin user, was squatting behind an automobile where the other two had been standing. Concerned that the man behind the vehicle was concealing a needle in his hand, the officer ordered him to reveal what he was holding.  When the man refused, the officer grabbed his arm, causing a small plastic bag of a light brown powdery substance to fall from his hand to the ground.  As the officer began to take the man into custody, he simultaneously observed the

_____

[1] The defendant was also charged with possession of heroin pursuant to G. L. c. 94C, § 34.

defendant return to the scene, pick up the plastic bag and place it in her mouth.  The bag and its contents were not recovered.

Discussion.  To sustain the complaint against the defendant, the Commonwealth must provide sufficient evidence to establish probable cause, that is, "reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense." Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting Commonwealth v. Roman, 414 Mass. 642, 643 (1993).  General Laws c. 268, § 13B (1) (c), provides in pertinent part:  "Whoever, directly or indirectly, willfully . . . misleads . . . [a] police officer . . . with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby . . . with [a criminal investigation] shall be punished."

Although § 13B does not define "misleads," in interpreting the statute we have come to rely on the definition of "misleading conduct" contained in the Federal witness tampering statute:

> "(A) knowingly making a false statement; (B) intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; (C) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; (D) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material

respect; or (E) knowingly using a trick, scheme, or device with intent to mislead."

18 U.S.C. § 1515(a)(3) (2012).  See Commonwealth v. Figueroa, 464 Mass. 365, 372 (2013).  This definition of "misleading conduct" has its limitations:  apart from subsection (A), "knowingly making a false statement," each of the other subsections includes the term "mislead" or "misleading," making the definition circular.  Commonwealth v. Paquette, 475 Mass. 793, 799-800 (2016).

In Paquette, we recently clarified the meaning of "misleads" in the context of false statements.  We noted that "each aspect of the working definition of 'misleads' suggests 'a knowing or intentional act calculated to lead another person astray.'"  Id. at 801-802, quoting Commonwealth v. Morse, 468 Mass. 360, 372 (2014).  It follows that for any conduct to be considered misleading under § 13B, the conduct must be calculated to create in another a false impression or a belief that is untrue.  We also observed that the ordinary meaning of the term "mislead" is "[t]o lead in the wrong direction," The American Heritage Dictionary of the English Language 1124 (4th ed. 2006), or "to lead or guide wrongly; lead astray," Webster's New Universal Unabridged Dictionary 1230 (2003).  Paquette, 475 Mass. at 800.  We reasoned that "[t]hese definitions indicate that to 'mislead[]' principally entails sending a person on a

proverbial 'wild goose chase,' by inducing the person to go somewhere materially different from where he or she otherwise would have gone." Id.

Thus, we concluded that to find the defendant guilty of misleading a police officer with a lie, the jury would need to find not only that the statement was false, but that it reasonably could have led law enforcement officers to pursue a materially different course in their investigation from one they otherwise would have pursued because it sent them in the wrong direction, i.e., a "wild goose chase." Id. at 800-801. Although Paquette dealt with false statements, its reasoning applies equally to physical conduct.[2]

Here, to determine whether the nonverbal conduct in which the defendant engaged was misleading within the meaning of § 13B, we must determine whether it was intended to create a false impression in the mind of another and, if so, whether such conduct was reasonably likely to lead the investigation in a materially different, or wrong, direction. Neither is true of the defendant's conduct in this case.

---

[2] The Commonwealth suggests that the defendant's conduct fits within subsection (E) of the definition in 18 U.S.C. § 1515(a)(3), that is, conduct which is "a trick, scheme, or device with intent to mislead," and therefore her actions were "misleading" in the context of § 13B. We do not believe that the conduct here was actionable under that somewhat circular subsection, as it requires not just a "trick" but one that misleads. The conduct here was neither such an artifice nor misleading as we understand that term.

First, although the defendant's swallowing of the plastic bag in full view of a police officer may have been an attempt to keep potential evidence away from the officer, it was not an attempt to create a false impression within that officer. This is so because she did not attempt to, nor did she, deceive the officer as to where the bag went. Second, the defendant's conduct did not lead officers astray or send them on a "wild goose chase." Paquette, 475 Mass. at 800. The officers knew exactly where to find the plastic bag if they were so inclined.

This interpretation of "misleads" within § 13B is in keeping with the plain language of the statute, elements of which include both an intent to mislead and an intent to impede, obstruct, delay, harm, punish, or otherwise interfere with a criminal investigation. See id. at 797 (elements of § 13B are "[1] wilfully misleading, directly or indirectly, [2] a police officer [3] with the intent to impede, obstruct, delay, harm, punish, or otherwise interfere thereby with [4] a criminal investigation" [footnote omitted]). The interpretation the Commonwealth would have us adopt equates impeding conduct with misleading conduct. This construction reads the word "misleads" out of the statute, and "[w]e decline to adopt an interpretation that ignores words and phrases of the statute." Commonwealth v. Disler, 451 Mass. 216, 227 (2008). It also overlooks our prior

case law.  See Morse, 468 Mass. at 372 (§ 13B requires prohibited act to both mislead and impede).

We conclude that misleading conduct within the meaning of § 13B is conduct that is intended to create a false impression such that it was reasonably likely to send investigators astray or in the wrong direction.  Here, although there may have been probable cause to believe that the defendant intended to "impede, obstruct . . . or otherwise interfere" with a criminal investigation, there was insufficient evidence that the defendant's conduct was "willfully mislead[ing]" under § 13B.[3]

Conclusion.  The trial court judge correctly allowed the motion to dismiss.

Judgment affirmed.

---

[3] "There is no general obstruction of justice statute in Massachusetts . . . .  Instead, a patchwork of statutes establishes various [crimes,] some of which involve uttering false statements or interfering with governmental operations in different capacities."  Commonwealth v. Morse, 468 Mass. 360, 366 (2014).  Here, the defendant's conduct may have been prohibited by G. L. c. 268, § 13E, which criminalizes, among other things, the destruction of objects with the intent of interfering with criminal proceedings.